# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 12, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| WILLIAM RANKS, | * | No. 20-1665V |
| | * | Special Master Sanders |
| Petitioners, | * | |
| | * | |
| v. | * | Interim Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Andrew Downing*, Downing, Allison, & Jorgenson, Phoenix, AZ, for Petitioners.
*Dorian Hurley,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 16, 2023, Williams Ranks ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$61,170.20** for his counsel, Andrew Downing[2]. Mot. Int. Attorneys' Fees & Costs at 7, 10, ECF No. 57 [hereinafter "Fees App."].[3] This amount consists of $38,499.00 in fees and $22,671.20 in costs. *Id.* at 4. On November 30, 2023, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 58. In his response, Respondent stated that he "defers to the special master regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Further, Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] In addition to Mr. Downing, who is the signatory on the motion for interim attorneys' fees and costs, Ms. Allison, Ms. Jorgenson, and Ms. Avery also worked on this matter. Fees App. at 6-7.

[3] All citations to Petitioners' motion for interim attorneys' fees and costs, ECF No. 57, will use the page numbers generated by CM/ECF.

## I. Procedural History

On November 24, 2020, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[4] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleged that he suffered from polymyalgia rheumatica as a result of an influenza ("flu") vaccine administered on November 3, 2019. Pet. at 1. Petitioner filed medical records on November 28, 2020 and January 3, 2021. ECF Nos. 6, 8. Petitioner then filed a statement of completion one day later, on January 4, 2021. ECF No. 10. Petitioner filed supplemental medical records on September 30, 2021, March 29, 2022, March 30, 2022, April 11, 2022, and May 5, 2022, followed by a statement of completion on June 2, 2022. ECF Nos. 19, 22-23, 25, 27, 29. On July 18, 2022, Respondent filed a status report indicating that certain medical records remained outstanding. ECF No. 34 at 2. On July 28, 2022, the Court issued a show cause order to compel the outstanding medical records at issue. ECF No. 35 at 2. Petitioner filed a response to the order to show cause and a motion to issue a subpoena to Verde Valley Medical Center to obtain the outstanding medical records. ECF Nos. 36, 38. On December 6, 2022, Petitioner filed the medical records from Verde Valley Medical Center. ECF No. 42. On January 5, 2023, Respondent filed his Rule 4(c) report, indicating that this case was not appropriate for compensation. Resp't's Report at 1, ECF No. 44. On May 11, 2023, Petitioner filed an expert report and curriculum vitae from Dr. Eric Slavin, followed by medical literature on May 16, 2023. ECF Nos. 48-51. Respondent filed an expert report by Drs. Maxime Kinet and William Hawse, with accompanying medical literature and curriculum vitae. ECF No. 53. Petitioner filed an additional expert report from Dr. Slavin with medical literature on November 14, November 15, and November 16, 2023. ECF Nos. 54-56.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good

---

[4] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("[t]he delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for almost three years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner's counsel has requested $61,170.20 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

3

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023 can be accessed online.[5]

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Downing, $385 per hour of work performed in 2020 and 2021, $415 per hour of work performed in January through June of 2022, and $445 per hour of work performed in July through December of 2022 and 2023; for Ms. Allison, $415 per hour of work performed in 2022 and 2023; and for Ms. Jorgenson (formerly Van Cott), $275 per hour of work performed in 2020 and 2021, $325 per hour of work performed in January through June of 2022, and $345 per hour of work performed in July through December of 2022 and 2023. Fees App. at 5-7, Ex. A at 17, 28. Petitioner also requested the following rates for work of his counsel's paralegals, Ms. Avery and Mr. Cain: $135 per hour of work performed in 2020, 2021, January through June of 2022, and $155 per hour of work performed in July through December of 2022 and 2023. *Id.*

The undersigned has reviewed the billing records submitted with Petitioner's request, and in my experience, the hourly rates billed for 2020 through 2023 for attorney time and paralegal time are all reasonable and in accord with prior awards made by other special masters.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

Upon review of the submitted billing records, I find that paralegal Ms. Avery billed for non-substantive analysis of medical records in a manner that was duplicative and excessive. The Court has previously cautioned Ms. Avery for this manner of billing. *See Mulrenin v. Sec'y of Health & Human Servs.,* No. 18-22V, 2020 WL 7868230 (Fed. Cl. Spec. Mstr. Dec. 10, 2020); *Madigan v. Sec'y of Health & Human Servs.,* No. 14-1187V, 2021 WL 1626621(Fed. Cl. Spec. Mstr. Apr. 1, 2021). In *Mulrenin*, the Court found the following:

> Ms. Avery billed between 0.20 to 0.40 hours for "analysis of medical records ... to determine begin and end date of records" for all the medical records received from different providers before preparing to file such records. . .In some instances, Ms. Avery then followed by billing an additional 0.30 hours for "analysis of file to determine end date of previous records," to update the file and request for supplemental records. . .I find this work to be repetitive and does not reflect substantive work in pursuing this case. Moreover, these records are also reviewed substantively [by attorneys].

---

[5] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

*Mulrenin* at 3. As a result, the Court reduced Ms. Averys hours bills by 20%. Upon review of Ms. Avery's hours billed, I found the same manner of billing for "analysis of medical records ... to determine begin and end date of records" from 2020 through May 2022. Ex. A 6-14. This type of billing was not present from June 2022 through 2023. Therefore, I find that a portion of the work billed by Ms. Avery from 2020 through May 2022 to be unnecessary and will reduce her hours billed for this time period by 20%. This results in a reduction of 20.40 hours to 16.32 hours. Therefore, **$550.80** will be deducted from the interim fee award.

Additionally, I find that paralegal Mr. Cain billed for non-substantive analysis of medical records in a manner that was duplicative and excessive. Many of Mr. Cain's hours billed are to "Review medical records received. . .specifically to reflect and identify potential critical items, possible additional providers for whom we have not previously ordered records from and any other pertinent information noted in the aforementioned records." This work is also repetitive and not substantively related to the case. Mr. Cain billed in this manner for this case from 2020 through May 2022. Therefore, I find that a portion of the work billed by Mr. Cain for this time to be unnecessary and will reduce his hours billed for this time period by 20%. This results in a reduction from 4.60 hours to 3.68 hours. Therefore, **$124.20** will be deducted from the interim fee award.

Upon review of the remaining submitted billing records, I find the time billed largely reasonable. The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.

### C.  Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $22,671.20 in attorneys' costs, primarily comprised of expert costs, medical records costs, and filing fees. *See generally* Ex. A. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable for the work performed in this case. Therefore, Petitioner is awarded the full amount of costs sought.

### IV.  Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $38,499.00 |
| (Reduction to Fees) | -($550.80) |
| (Reduction to Fees) | -($124.20) |
| **Total Attorneys' Fees Awarded** | $37,824 |
| | |
| Attorneys' Costs Requested | $22,671.20 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | $22,671.20 |

|  |  |
|---|---|
| **Total Attorneys' Fees and Costs** | **$60,495.20** |

Accordingly, the undersigned awards a lump sum in the amount of **$60,495.20** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Andrew Downing, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.